UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
GARY BURKETT,

                Petitioner,

      -against-                         ORDER ADOPTING REPORT
                                           AND RECOMMENDATION
Superintendent, Five Points
Correctional Facility,
                                             13-CV-2627 (CS)(JCM)

                Respondent.
------------------------------------------------------x

Seibel, J.

       Before the Court is the Report and Recommendation of United States Magistrate Judge Judith C. McCarthy, ("R&R"), (Doc. 50), recommending that Petitioner's application for a writ of *habeas corpus* be denied. Familiarity with the underlying proceedings, the Petition, the parties' arguments and the R&R is presumed.

       A District Court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they [*sic*] object." *J.P.T. Automotive, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352 (E.D.N.Y. 2009). If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded. *See Mario v. P & C Food Mkts.*,

*Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).  The court must review *de novo* any portion of the report to which a specific objection is made.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).   When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error.  *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009).  "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge."  *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Only Respondent has objected to the R&R, taking issue with Magistrate Judge McCarthy's conclusion that Claims Three and Five were exhausted.  (Doc. 51.)  I need not decide the issue, because I agree with Judge McCarthy that those claims fail on the merits in any event.  *See Abuzaid v. Mattox*, 726 F.3d 311, 321 (2d Cir. 2013) (28 U.S.C. "§ 2254(b) authorize[s] federal courts to deny the petition, regardless of whether the applicant exhausted his state court remedies.").

I have reviewed the portions of the Petition as to which no objection has been raised, and find no error, clear or otherwise.  Thus, the R&R is adopted as the decision of the Court.  As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated:  October 11, 2016
    White Plains, New York

*/s/ Cathy Seibel*
CATHY SEIBEL, U.S.D.J.